JOSEPH BROPHY, Appellant, *v.* EDWARD B. BARTLETT, Respondent.

*Court of Appeals, January* 17, 1888.

Reversing same case, 37 Hun, 642, Mem.

*Master and servant.    Question of fact.*—Where, in an action to recover damages for injuries alleged to have been sustained by plaintiff through defendant's negligence, the evidence admits of different and discordant inferences as to whether or not plaintiff was defendant's servant, and as to whether or not a person whom plaintiff claimed hired him was an independent contractor, or an employee of defendant, they are both questions of fact, and should, under proper directions, be submitted to the jury.

Action for injuries alleged to have been incurred by plaintiff through the negligence of defendant.

Appeal from a judgment of the general term of the supreme court, affirming a judgment dismissing the complaint at the circuit.

*J. Stewart Ross*, for appellant.

*James Moffett*, for respondent.

FINCH, J.—The evidence in this case admits of different and discordant inferences. One is that the plaintiff was not employed by anybody to work upon the dock, until directed to use a truck by the foreman of the defendants, and so became the defendant's servant; while the other, which led to the nonsuit, was that he remained the servant of Rawle, or if he became that of Devanny, no liability attached since the latter was an independent contractor to do the trucking. The question of the true relations of the parties to each other seems to us to be a mixed question of law and fact, not to be solved without the aid of a jury.

The plaintiff appears to have been in the employ of Rawle, who kept horses for hire. Devanny, needing a horse for his work, hired one of Rawle. The latter seems to have understood that this implied a driver as well as a horse, and sent Brophy, the plaintiff, with the horse to work upon the dock. But Devanny swears that he hired only the horse and paid only for that and never at all took plaintiff into his employ. If that was true, the plaintiff had no duty on the dock, except to deliver the horse to Devanny and then go back to his master. But he stayed in charge of the horse and the foreman of defendants, doubtless supposing him to be one of Devanny's men, set him at work with the truck, which is alleged to have been defective and from which the injury arose. If the evidence of Devanny is believed to its full extent, the plaintiff never was employed by anybody to work on the dock, unless by the foreman of defendant, for Devanny did not hire him, nor authorize Rawle to so set him at work. A jury might very well take Devanny's statement as doubtful, in view of the facts, and conclude that when he hired the horse it was implied and understood that a man was to come with the animal to drive and manage it, but we cannot disregard the direct and explicit testimony of the witness.

If, however, Brophy was hired by Devanny, there yet remains the question whether the latter was an independent contractor.

The evidence again admits of different inferences. He supplied his own men and horses, and was hired by the hour to do all of defendant's trucking, but he seems to have been under the control of their foreman and subject to his orders and direction, both as to what to do and how to do it, and some of the proof warrants the idea that the foreman had authority over Devanny's men. The whole arrangement was verbal and it is not easy to reconcile the conflicting inferences.

We are of opinion, therefore, that both questions re-

ferred to under proper directions from the court should have been submitted to the jury.

The judgment should be reversed, and a new trial granted, costs to abide the event.